### 20734. CREWS *v.* THE STATE ex rel. HAYES, Solicitor-General.

DUCKWORTH, Chief Justice. This action is one to enjoin a public nuisance, and is brought especially under Code § 72-301 to abate the use of property for the purpose of lewdness, assignation, and prostitution. A temporary injunction was granted after a hearing and, after a trial resulting in a verdict to abate the nuisance, a judgment was issued enjoining the defendant from operating a public nuisance. A motion for new trial as subsequently amended was filed, heard, and denied, and the exception is to that judgment. *Held:*

Assignments of error in overruling general and special demurrers can not be made grounds of a motion for new trial, and the abatement of the nuisance after a temporary hearing will not prevent a verdict and judgment after a trial by jury. The other special grounds are mere elaborations of the general

grounds, and the evidence showing that prostitution existed at the location of the defendant's property, this was sufficient to support the verdict abating the nuisance under Ch. 72-3 of the Code of 1933; and none of the general or special grounds of the motion for new trial has any merit. Accordingly, the court did not err in denying the motion for new trial as amended.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 11, 1960—DECIDED FEBRUARY 11, 1960.

*R. E. Lawson,* for plaintiff in error.
*Dewey Hayes, Solicitor-General,* contra.